# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0682V

| | |
|---|---|
| PATRICK SIMMONS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: February 6, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On June 17, 2022, Patrick Simmons filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On February 13, 2023, Petitioner filed an amended petition. Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from a tetanus diphtheria acellular pertussis ("Tdap") vaccine received on September 29, 2021. Amended Petition at 1. Petitioner further alleges that the vaccine was received in the United States, he suffered sequela for more than six months, and neither Petitioner, nor any other party, has ever received compensation in the form of an award or settlement for his vaccine-related injury. Amended Petition at ¶¶ 1, 7, 9; Ex. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On January 3, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 5, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $85,013.42. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $85,013.42 (comprised of $84,500.00 in pain and suffering and $513.42 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                        **s/Brian H. Corcoran**
                                                        Brian H. Corcoran
                                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PATRICK SIMMONS,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | No. 22-682V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 17, 2022, Patrick Simmons ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus, diphtheria, and pertussis ("Tdap") vaccine that he received on September 29, 2021. ECF No. 1 at 1. On December 30, 2023, respondent filed a Rule 4(c) Report, recommending that compensation be awarded. ECF No. 32. On January 3, 2024, Chief Special Master Corcoran issued a Ruling on Entitlement, agreeing with respondent that petitioner's claim meets the Table criteria for SIRVA. ECF No. 34.

 **I.** **Items of Compensation**

  a. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$84,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      b.  <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses pertaining to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the total amount of **$513.42**. *See* 42 U.S.C. §300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. §300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through one lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

One lump sum payment of **$85,013.42**, in the form of a check payable to petitioner.

                              Respectfully submitted,

                              BRIAN M. BOYNTON
                              Principal Deputy Assistant Attorney General

                              C. SALVATORE D'ALESSIO
                              Director
                              Torts Branch, Civil Division

                              HEATHER L. PEARLMAN
                              Deputy Director
                              Torts Branch, Civil Division

                              COLLEEN C. HARTLEY
                              Assistant Director
                              Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

3

          /s/ *Joseph Leavitt*
          JOSEPH D. LEAVITT
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146
          Ben Franklin Station
          Washington, D.C.  20044-0146
          Tel: (202) 616-0515
          Email: joseph.leavitt@usdoj.gov

Dated: February 5, 2024